UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Desean James Solomon (1),<br>Leontawan Lentez Holt (3), and<br>Michael Allen Burrell (4),<br><br>Defendants. | Case No. 23-cr-156 (SRN/TNL)<br><br>ORDER ON GOVERNMENT'S<br>MOTIONS IN LIMINE NOS. 3 & 20 |

Esther Mignanelli, Thomas Calhoun-Lopez, and David Green, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for United States of America

Thomas C. Plunkett, Attorney at Law, 101 E. 5th St., Ste. 1500, St. Paul, MN 55101, for Defendant Desean James Solomon

Frederick Clayton Tyler and Karen E. Mohrlant, F. Clayton Tyler, PA, 331 2d Ave. S., Ste. 230, Minneapolis, MN 5501, for Defendant Leontawan Lentez Holt

Steven E. Wolter, Kelley, Wolter & Scott, P.A., 431 S. 7th St., Ste. 2530, Minneapolis, MN 55415, for Defendant Michael Allen Burrell

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion in Limine No. 3 [Doc. No. 258 at 2] to require Mr. Holt and Mr. Burrell to make an in-court proffer on the availability of self-defense at trial and the Government's Motion in Limine No. 20 [Doc. No. 277] to preclude the testimony of Mr. Holt's expert witness on self-defense. For the reasons set forth below, as to the pretrial proffer, the Government's Motion in Limine No.

3 is denied, and with respect to the motion to exclude Mr. Holt's expert witness, the Government's Motion in Limine No. 20 is granted.

## I. BACKGROUND

Defendants Leontawan Holt and Michael Burrell have both indicated they intend to assert self-defense in response to the charges against them. (*See* Defs.' Jt. Response to Gov't's Mots. in Limine [Doc. No. 267] at 8–18; Def. Holt's Response to Gov't's Mot. in Limine No. 3 [Doc. No. 268] at 1–7.) The Government moves to preclude them from referring to self-defense at trial unless and until a pretrial evidentiary proffer is made and the Court finds the proffer sufficient for asserting self-defense under Minnesota law. (Gov't's Redacted Tr. Brief [Doc. No. 256] at 56–61.) Mr. Holt and Mr. Burrell oppose the motion, arguing that their written submissions provide sufficient evidence such that no proffer is necessary, and the Court can evaluate the applicability of a self-defense instruction after the evidence has been admitted at trial. (*See* Defs.' Jt. Response to Gov't's Mots. in Limine at 18; Def. Holt's Response to Gov't's Mot. in Limine No. 3 at 4, 6–7.)

Related to the issue of self-defense, on August 9, 2024, Mr. Holt disclosed Dr. Kenneth Kinsey as a self-defense expert witness. The deadline for expert disclosures was July 8, 2024. (*See* Feb. 2, 2024 Order [Doc. No. 213] at 4.) Dr. Kinsey's background is in law enforcement, and he is a certified use-of-force trainer. (Def. Holt's Response to Gov't's Mot. in Limine No. 20 [Doc. No. 282] at 4–5.) Dr. Kinsey has offered expert opinion in criminal cases, primarily in South Carolina state court. (Gov't's Ex. to Mot. in Limine No. 20 (Kinsey Report [Doc. No. 277-1] at 2–5).) He is expected to opine that as to the shooting on April 23, 2022 resulting in the death of Victim 4, the victim's actions

precipitated Mr. Holt's actions, and any previous encounter involving Mr. Holt should not be considered when establishing culpability for Victim 4's death. (Gov't's Ex. to Mot. in Limine No. 20 (Kinsey Report [Doc. No. 277-1] at 7).) Dr. Kinsey is expected to further opine that Mr. Holt's actions were representative of self-defense or the defense of others. (*Id.*)

The Government moves to exclude this testimony in its entirety, arguing that Dr. Kinsey's disclosure was untimely and that his opinion violates Federal Rule of Evidence 704(b), exceeds the scope of his expertise, invades the provinces of the Court and the jury, and fails to satisfy Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## II.   DISCUSSION

In a prosecution for murder in aid of racketeering, even though it is a federal crime, the predicate offense can arise under state law, *United States v. Mallory*, 104 F.4th 15, 18 (8th Cir. 2024), as the Indictment alleges here. (Indictment [Doc. No. 1], Count 1, ¶¶ 6, 9–10; Count 2, ¶¶ 3–4; Count 3, ¶¶ 2–3.) In such cases, "state law defines its parameters, including potential defenses." *Mallory*, 104 F.4th at 18.

The parties agree that under Minnesota law, self-defense has four elements: (1) the absence of aggression or provocation on the part of the defendant; (2) the defendant actually and honestly believed that he was in imminent danger of death or great bodily harm; (3) reasonable grounds existed for that belief; and (4) a reasonable possibility of retreat to avoid the danger was unavailable. *State v. Devens*, 852 N.W.2d 255, 258 (Minn. 2014) (citing *State v. Basting*, 572 N.W.2d 281, 285–86 (Minn. 1997)).

While a defendant bears the initial burden of production by producing evidence supporting these elements, the burden is low. *State v. Soukup*, 656 N.W.2d 424, 428 (Minn. Ct. App. 2003). A defendant must address all four elements of self-defense, *see State v. Graham*, 371 N.W.2d 204, 209 (Minn. 1985), but need only provide "a sufficient threshold of evidence to make the defense one of the issues in the case" by creating reasonable doubt. *Soukup*, 656 N.W.2d at 429; *see also United States v. Davidson*, 108 F.4th 706, 710 (8th Cir. 2024) (observing that a self-defense instruction should be given "if there is evidence upon which the jury could rationally sustain the defense," that is, "if the defendant provides more than '[a] mere scintilla of evidence.'") (citation omitted). If the defendant meets the burden of production, "they are entitled to a self-defense jury instruction." *State v. Schmid*, No. A23-1136, 2024 WL 3250562, at *2 (Minn. Ct. App. July 1, 2024) (citing *State v. Charlton*, 338 N.W.2d 26, 29 (Minn. 1983)). Ultimately, the government bears the burden of proving beyond a reasonable doubt the absence of at least one of the elements of self-defense. *Soukup*, 656 N.W.2d at 429; *see also United States v. Farlee*, 757 F.3d 810, 815 (8th Cir. 2014). Doubts about the validity of the defense should be resolved in the defendant's favor and in favor of providing a self-defense jury instruction. *State v. Johnson*, 719 N.W.2d 619, 631 (Minn. 2006).

### A. Government's Motion for Evidentiary Proffer

The Government relies on the recent Eighth Circuit decision in *Davidson*, 108 F.4th at 710–11, in support of its request for a pretrial evidentiary proffer. In *Davidson*, the Eighth Circuit found the district court did not err in requiring the defendant to make a pretrial proffer on the issue of self-defense. *Id*. The defendant, Davidson, was convicted of assaulting federal officers with a deadly weapon and discharging a firearm during a crime of violence after he shot at the back bumper of an SUV that was driven by federal law enforcement officers. *Id*. at 709. Davidson mistakenly believed the vehicle was driven by a person named Omar, who drove a similar SUV, and with whom Davidson had had a tense encounter in his driveway two days earlier. *Id*. During that earlier encounter, Davidson and Omar mutually brandished guns and Davidson ordered Omar to never return. *Id*. On the day of the shooting at federal officers, Davidson was deer hunting when he noticed a vehicle similar to Omar's and attempted to flag it down. *Id*. The vehicle sped up to approximately 10 to 15 miles per hour and drove past Davidson, forcing him to jump to the side of the road to avoid being hit. *Id*. As the SUV drove away, Davidson fired his shotgun, hitting the rear bumper of the SUV, and when the shotgun jammed, he pulled out a pistol and fired multiple shots into the air. *Id*.

Before trial, the Government filed a motion in limine to prevent Davidson from raising self-defense. *Id*. The Government believed that when Davidson shot at the SUV, he did not act out of a reasonable belief that harm was about to be inflicted upon him, and so, as a matter of law, he could not assert self-defense. *Id*. The district court held a pretrial evidentiary hearing and concluded that Davidson could not assert self-defense. *Id*. The

district court offered to revisit its ruling "if new evidence comes out at trial," such as during the examination of the Government's witnesses. *Id*. at 713 (Kelly, J., concurring). However, the pretrial ruling expressly prohibited Davidson from introducing at trial any evidence related solely to self-defense, including Davidson's own testimony, on the grounds that it was irrelevant and inadmissible. *Id*. The court instructed the jury that self-defense was not an available defense to Davidson. *Id*. at 709.

On appeal, Davidson challenged the district court's decision to determine the availability of self-defense by pre-trial proffer and also challenged the substantive ruling that Davidson failed to proffer sufficient facts to support self-defense. *Id*. at 710.

As to his procedural argument, the Eighth Circuit observed that it had consistently permitted pretrial determinations as to whether a particular defense is available, albeit for defenses for which the defendant bears the burden of proving the availability of the defense by a preponderance of the evidence. *Id*. Self-defense, by contrast, merely requires a defendant to meet the burden of production, and if the burden is met, then requires the government to prove beyond a reasonable doubt that the defendant did not act in self-defense. *Id*. As a matter of procedure, the Eighth Circuit found this to be a distinction without a difference. *Id*. at 711. The court held that "[a]lthough defendants bear a lower burden when raising the defense of self-defense than they do when raising other affirmative defenses," district courts are not precluded from making pretrial rulings on the availability of claims of self-defense. *Id*. It explained that "when the defendant's evidence, even viewed in the light most favorable to him, 'is insufficient to sustain [an instruction of self-defense] even if believed, the trial court and jury need not be burdened with testimony

6

supporting . . . the defense." *Id*. at 710 (quoting *United States v. Bailey*, 444 U.S. 394, 416 (1980)).

As to Davidson's substantive argument, the Eighth Circuit found that even when viewing the proffered evidence in the light most favorable to Davidson, he failed to meet the imminency requirement, as he shot at the SUV only after it had passed him. *Id*.

In a concurring opinion, Judge Kelly found the district court had appropriately left open the possibility of revisiting its ruling if new evidence came out at trial, noting that the pretrial ruling "was based on facts proffered to the court, not on the actual evidence as it came in at trial." *Id*. at 713 (Kelly, J., concurring).  However, Judge Kelly found the district court's prohibition against the defendant offering any evidence related to self-defense, including his own testimony, "unduly narrowed Davidson's testimony at trial", implicating "the constitutional right [of a criminal defendant] to present his own version of events in his own words." *Id*. (citation omitted).   In addition, she found the ruling also prevented Davidson from introducing witness testimony and evidence during trial that might have supported his theory of self-defense, for which he needed to show only more than a "mere scintilla" of evidence. *Id*. at 714.  She found it not unreasonable to believe that Davidson might have been able to meet "this particularly low burden," depending on how the evidence came in. *Id*.  In a footnote, Judge Kelly also noted that even if there was insufficient evidence to argue self-defense to the jury, the government was still required to establish that Davidson "voluntarily and intentionally" attempted or threatened an assault against others. *Id*. at 715 n.5.  But she found the district court's pretrial ruling "had the

7

effect of limiting Davidson's ability to present all evidence relevant to his lack of intent to assault[.]" *Id.*

Ultimately, despite her concerns, Judge Kelly concurred in the ruling because she found no error in the district court's decision to address self-defense as a pretrial procedural matter, and because Davidson failed to identify specific testimony or evidence that he was precluded from presenting to the jury that would have been sufficient to meet his burden of production on self-defense. *Id.* at 714.

The Court finds the circumstances here are unlike those in *Davidson*, a single-defendant case in which the relatively straightforward facts supported the district court's requirement of a pretrial proffer on self-defense. By contrast, this multi-defendant case involves a high volume of exhibits, numerous witnesses, complicated group and personal relationships, and two separate shootings for which two Defendants have asserted self-defense. In addition, the video surveillance evidence here, as identified by the Government at the final pretrial conference and motions hearing, involves both interior and exterior video footage of varying quality that the Government asserts is relevant to the availability of self-defense. (*See, e.g.*, Gov't's Tr. Exs. 211, 218, 219, 220, 401, 416, 422, 424.)

In order to determine the availability of self-defense in a case of this complexity, it will be critical for the Court to consider all of the admitted evidence, including the testimony of Mr. Holt and Mr. Burrell, should they choose to testify at trial. It is premature to say that Mr. Holt and/or Mr. Burrell may be able to meet the low burden of production required for a self-defense jury instruction. It will entirely depend on how the evidence comes in at trial.

The Court is also mindful of Judge Kelly's concurring opinion that cautions district courts to leave open the possibility of self-defense so as not to infringe upon a defendant's constitutional right to present his own version of events in his own words. *Id*. at 713 (Kelly, J., concurring). Reflecting these concerns, Mr. Holt argues that granting the Government's motion would have a chilling effect on his ability to present a defense—a problem that is magnified because the Government's motion seeks a ruling before any evidence has been offered at trial.[1] (Holt's Opp'n to Gov't's Mot. in Limine 3 at 4.)

In sum, *Davidson* does not *require* a pretrial proffer before a defendant may present a claim of self-defense at trial; it simply holds that a district court is not precluded from making a pretrial determination on the availability of self-defense. 108 F.4th at 711. Such a pretrial ruling is not warranted here, particularly in light of the case's complexity, uncertainty about how the evidence will come in at trial, and concerns about Defendants' ability to present their defense.

In support of its motion, the Government argued at the pretrial conference and motion hearing that an early determination on the availability of self-defense may foreclose the introduction of evidence and attorney argument that could potentially prejudice Mr. Holt and Mr. Burrell. Indeed, Mr. Holt and Mr. Burrell run the risk of invoking self-defense during trial, only to potentially be unable to meet their burden of production for a self-defense jury instruction. That is their prerogative, however. Defense counsel is aware

---

[1] Holt further asserts that the Government "offers no reason why ordinary objections in the course of trial are insufficient", which Holt contends can be addressed under Rules 401 and 403 and through standard jury instructions. (Def. Holt's Response to Gov't's Mot. in Limine No. 3 at 4.)

9

of the potential risks of promising a result they cannot deliver. The Government, Mr. Holt, and Mr. Burrell will present their respective evidence relevant to self-defense at trial and will cross-examine witnesses. The Court will then evaluate whether Mr. Holt and Mr. Burrell have met their burden of production sufficient to merit a self-defense jury instruction. Accordingly, under these facts, the Court finds that a pretrial proffer on self-defense is not warranted and the Government's Motion in Limine No. 3 is therefore denied.

### B. Motion to Exclude Testimony of Mr. Holt's Self-Defense Expert

As to the Government's motion to exclude the testimony of Mr. Holt's expert, Dr. Kinsey, the Court finds that the expert disclosure was untimely, coming one month past the July 8, 2024 deadline. Mr. Holt's counsel explains that the tardy disclosure was not made in bad faith, but because counsel was busy preparing for trial and only learned of Dr. Kinsey's existence in June 2024. (Def. Holt's Response to Gov't's Mot. in Limine No. 20 at 1–3.)

This Court has discretion "in refusing to permit the testimony of a defense expert who was not timely disclosed as required" by court order. *United States v. Carter*, 205 F.3d 1348 (table) (8th Cir. 1999) (affirming exclusion of defense expert who was not timely disclosed as required by magistrate judge's discovery order); *see also United States v. Sims*, 776 F.3d 583, 586 (8th Cir. 2015) (finding no abuse of discretion in excluding DNA evidence as sanction for government's failure to disclose expert's report until after discovery deadline). Factors relevant to determining whether a particular sanction is warranted include: "(1) the reason, or reasons, for the delay in production of the evidence, including whether the [non-moving] party acted in bad faith; (2) whether the [moving

10

party] party was prejudiced; and (3) whether a lesser sanction would secure future compliance by the [non-moving party]." *Sims*, 776 F.3d at 586.

While the reason for Mr. Holt's late disclosure was not the result of bad faith, simply being busy with trial preparation does not fully excuse late disclosure. As the Government notes, this is not an instance in which Mr. Holt noticed an expert by the deadline but sought to supplement his opinion later, which may be permitted after the deadline. *See* Fed. R. Crim. P. 16(a)(1)(G)(vi), (b)(1)(C)(vi), and (c). Nor does it appear that Mr. Holt's counsel gave informal verbal notice by the July 8, 2024 deadline, even though it appears that his counsel had been in contact with Dr. Kinsey since mid-June. (Def. Holt's Opp'n to Gov't Mot. in Limine No. 20 at 1.) Instead, Mr. Holt disclosed Dr. Kinsey as an expert witness on August 9, after the final pretrial conference, and less than a month before the start of trial.

As to whether permitting Dr. Kinsey's testimony under these circumstances would prejudice the Government, the Court finds that it would. The disclosure occurred less than one month before trial. Particularly in light of the high volume of trial exhibits and large number of witnesses, it would be prejudicial for the Government to attempt to locate a rebuttal witness and to prepare for the cross-examination of Dr. Kinsey on such short notice.

As to whether a lesser sanction would secure future compliance, this factor is essentially moot because, for the reasons stated below, Dr. Kinsey's testimony is inadmissible for several other reasons.

Even if Mr. Holt's disclosure had been timely, Dr. Kinsey's opinion threatens to invade the province of the jury. An expert witness in a criminal case is precluded from offering "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Such determinations "are for the jury alone." *Id*.; *see also Am. Auto. Ins. Co. v. Omega Flex, Inc*., 783 F.3d 720, 725 (8th Cir. 2015) (citation omitted) ("[C]ourts must guard against invading the province of the jury on a question which the jury [i]s entirely capable of answering without the benefit of expert opinion."). One of the elements of self-defense is that the defendant must actually and honestly believe that he was in imminent danger of great bodily harm before acting in self-defense. *Devens*, 852 N.W.2d at 258. While a defendant may testify to his state of mind, this factor may also be established through circumstantial evidence. *Johnson*, 719 N.W.2d at 630–31. Here, however, Dr. Kinsey opines that Victim 4's actions in "pointing, presenting, and attempted utilization of a handgun represented the immediate threat of great bodily injury, or death to Leontawan Holt" or others. (Kinsey Report at 7.) This opinion is defendant-specific and can be construed as an opinion that Mr. Holt had the state of mind necessary to establish this element of self-defense. As such, it is improper under Rule 704(b).

Even more fundamentally, pursuant to Federal Rule of Evidence 702, expert testimony is admissible only if it will be helpful to the trier of fact. Under Rule 702, an expert may testify if it is more likely than not that his or her "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Proposed expert testimony must satisfy three

prerequisites to be admitted: (1) "evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact"; (2) "the proposed witness must be qualified to assist the finder of fact," and; (3) "the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (cleaned up).  These requirements reflect the Supreme Court's analysis in *Daubert*, which emphasized the district courts' gatekeeping obligations to make certain that all testimony admitted under Rule 702 "is not only relevant, but reliable." 509 U.S. at 589; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (extending *Daubert* to technical and other specialized expert testimony). Under *Daubert*, the cornerstone for admissibility is assistance to the trier of fact.  *See Larson v. Kempker*, 414 F.3d 936, 940–41 (8th Cir. 2005).

The Court finds that Dr. Kinsey's opinion will not be helpful to the trier of fact. In formulating his opinion, Dr. Kinsey reviewed three police reports, an autopsy report, footage from five surveillance videos, and what appears to be the Eighth Circuit Model Criminal Jury Instructions on self-defense and "theory of defense."  (Kinsey Report at 5.) In particular, he states that he "concentrated [his] analysis on a one-minute section of the provided videos." (*Id*.)   The jury is just as able as Dr. Kinsey to view the surveillance footage, along with other admitted evidence, and make its own determination about whether Mr. Holt acted in self-defense.

In addition, as noted, an expert witness must also be qualified in order to render an opinion that assists the trier of fact. *Lauzon*, 270 F.3d at 686. Dr. Kinsey's experience in crime scene examination/shooting/reconstruction, fingerprint impression evidence examination, footwear/tire tread examination, blood pattern analysis, police use of force, firearms operation/ballistics, and general law enforcement knowledge of investigations/administration (Kinsey CV [Doc. No. 277-1] at 2–4) may be relevant and helpful to the trier of fact in other cases. However, his background and experience do not clearly qualify him to opine on self-defense under Minnesota law. His opinion therefore exceeds the scope of his expertise.

Because the jury is capable of evaluating the relevant evidence on its own and because Dr. Kinsey is not qualified to render his opinion in this case, the Court finds that his opinion will not be helpful to the trier of fact under Rule 702 and *Daubert*.

Finally, Dr. Kinsey improperly opines on legal and evidentiary issues relevant to self-defense that are not for him to decide, but for the Court. For instance, he states that "any previous encounter could not and should not be considered when establishing culpability for [the victim's] death," that "any previous adversarial contact had been separated by time and distance prior to this 'new' public encounter," and that "[r]egardless of previous history that may or may not exist, the above-described shooting incident should be considered an original encounter." (Kinsey Report at 7.) The Eighth Circuit has noted that while the jury's role is limited to settling disputes as to predicate facts, it is the court's role to make legal conclusions. *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). Whether a legal standard has been met is for the Court—and the Court alone—to

decide, not an expert. *Scalia v. Reliance Tr. Co.*, No. 17-CV-4540 (SRN/ECW), 2021 WL 795270, at *19 (D. Minn. Mar. 2, 2021). Accordingly, Dr. Kinsey's opinions that offer legal conclusions are also inadmissible on this basis.

For all of these reasons, the Court grants the Government's Motion in Limine No. 20, and excludes the expert testimony of Dr. Kinsey.

### III.  CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Government's Motion in Limine No. 3 [Doc. No. 258] requesting a pretrial proffer on the availability of self-defense as to Mr. Holt and Mr. Burrell is **DENIED**.

2. The Government's Motion in Limine No. 20 [Doc. No. 277] to preclude the testimony of Mr. Holt's expert, Dr. Kinsey, is **GRANTED**.

Dated: August 22, 2024

                                                           s/Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States District Judge